# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARK FRASER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| THE ORVIS COMPANY, INC., | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. THE PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Mark Fraser ("Fraser") is a citizen Jackson, Tennessee.

2.   Defendant The Orvis Company, Inc. ("Orvis") is a corporation organized and existing under the laws of the State of Vermont. Orvis maintains its principal place of business in Sunderland, Vermont.

3.   This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over the additional claims pursuant to 28 U.S.C. § 1367. This Court also has subject matter jurisdiction because of diversity of citizenship and the amount of controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

4.   This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Tennessee via mail-order sales, online catalog sales, an authorized dealer endorsed hunting lodge, and retail stores. Defendant has engaged in

conduct that has caused injury in this State and has otherwise availed itself of the jurisdiction of this Court pursuant to Tenn. Code Ann. § 20-2-214.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that Defendant is subject to personal jurisdiction in this District and Defendant transacts and solicits business in this District.

## II. THE CONTROVERSY

6.  Fraser is a professional model who has been involved in a variety of advertising and promotional campaigns over the last twenty years.

7.  Fraser owns all rights to his image, likeness, and persona.

8.  Fraser has carefully developed and cultivated his image, likeness, and persona resulting in public recognition and goodwill.

9.  Fraser's image, likeness, and persona have substantial commercial value.

10. Fraser has continued to use and control his image, likeness, and persona throughout the world during his entire career.

11. Fraser's distinct image, likeness, and persona are invaluable to him, as they distinguish him from other models and provide him with a career.

12. Fraser exercises careful consideration prior to permitting commercial use of his image, likeness or persona in order to ensure that the value of his image, likeness or persona is not diminished by association with products and/or by over-saturation.

13. Defendant Orvis operates a retail and mail-order business specializing in

fishing, hunting and sporting goods. Orvis maintains company-owned and licensed stores across the United States, including an authorized dealership in Nashville, Tennessee, and an endorsed "Wingshooting Lodge" in McEwen, TN. Upon information and belief, Orvis mails out over 50 million catalogs a year, and Orvis has a greatly expanding internet business at www.orvis.com. Orvis conducts significant business in Tennessee and in this District.

14. From 1996-2000, Fraser entered into several modeling agreements with Orvis through the Debra Lewin Agency whereby Fraser agreed to let Orvis use and/or publish photographs of his image, likeness and persona in a print catalogs for a period of twelve-months. The last photographic session took place in February of 2000.

15. Orvis' license to use Fraser's image, likeness, and persona expired in February of 2001.

16. Over the past several years, Orvis has used, posted, and disseminated marketing and promotional material containing Fraser's likeness, image and persona without his consent in various media.

17. Orvis used Fraser's likeness, image and persona to promote its products, through Orvis print catalogs, on its website www.orvis.com, and on third-party websites such as www.amazon.com. Orvis did not have permission to use Fraser's likeness, image or persona in those media.

18. By its use of Fraser's likeness, image and persona, Orvis falsely represented to the public that Fraser endorsed Orvis products.

3

19. On or about August 14, 2008, counsel for Fraser sent Orvis a letter requesting "copies of all releases or contracts executed by Fraser authorizing and/or providing terms for the use of his image."

20. On or about August 28, 2008, counsel for Fraser spoke on the telephone with Orvis agent Bill Eyre about Orvis' unauthorized use of Fraser's likeness, image and persona. Mr. Eyre informed counsel for Fraser that Orvis did not have any license or contracts from Fraser.

21. On or about October 19, 2008, Fraser sent a cease-and-desist letter to Orvis demanding that Orvis remove and cease using Fraser's likeness, image and persona within any medium. Fraser also asked Orvis to compensate him for the past years of unauthorized use.

22. On or about November 7, 2008, in response to Fraser's cease and desist letter, counsel for Orvis represented to Fraser that Orvis would continue using Fraser's likeness, image and persona.

## COUNT I
### (Violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1101, *et seq.*)

23. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

24. Fraser has an exclusive property right in the use of his likeness, image and persona.

4

25. Orvis knowingly used and infringed upon Fraser's likeness, image and persona by using photographs in a manner directed to the public, as an item of commerce for purposes of advertising Orvis products, without Fraser's consent.

26. Orvis is, therefore, liable to Fraser under the Tennessee Personal Rights Protection Act, Tenn. Code Ann. 47-25-1101, et seq.

27. Fraser is entitled to seizure and forfeiture of all contraband copies and uses of his likeness, persona and image and all instrumentalities used in connection with the violation of his rights.

28. Fraser is entitled to his actual damages, suffered as a result of Orvis' knowing use and infringement of Fraser's rights, and any additional profits that are attributable to such use or infringement.

## COUNT II
### (Violation of the Common-Law Right of Publicity)

29. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

30. Fraser has an exclusive property right in the use of his likeness, image and persona.

31. Orvis knowingly used and infringed on Fraser's likeness, image and persona by using photographs in a manner directed to the public, as an item of commerce for purposes of advertising their products, without Fraser's consent.

32. Orvis' actions have violated Fraser's common-law right of publicity and have

5

proximately damaged Fraser, entitling him to compensatory and punitive damages in an amount to be determined at trial.

## COUNT III
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a))

33. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

34. Orvis used Fraser's likeness, image persona to falsely endorse its products. Orvis' actions are a violation of Fraser's rights under 15 U.S.C. § 1125(a).

35. Orvis knowingly misappropriated and used Fraser's distinctive likeness, image and persona in connection with the sale, offering for sale, distribution, and advertising of its products, without the permission or consent of Fraser, to falsely describe or represent that Orvis' business and goods are associated with and/or endorsed by Fraser. As such, Orvis' use of Fraser's distinctive likeness, image, and persona is likely to cause confusion, mistake, or deception among consumers as to the source, quality and nature of Orvis' goods and their affiliation, connection, association, sponsorship, or approval by Fraser.

36. Fraser is informed and believes that Orvis intended to, and did, confuse and mislead the public, and did represent and create the false impression that Orvis' goods are endorsed by, authorized, originated, sponsored, approved, licensed or otherwise affiliated with Fraser.

37. Fraser has not authorized, licensed, or given permission to Orvis to use his distinctive image, likeness or photography in any matter whatsoever after February 2001.

6

38. As a proximate result of the commercial advantage accruing to Orvis' business from Fraser's likeness, and as a proximate result of the confusion, deception and mistake caused by Orvis' actions, Fraser has been deprived the value of his distinctive image as a commercial asset, and sustained substantial injury to his business, reputation, and good will, in an amount to be proven at trial.

39. As the proximate result of Orvis' actions, Fraser has been damaged and is entitled to the following relief:

    a. An injunction to prevent further use of the Fraser's likeness, image or persona pursuant to 15 U.S.C. § 1116; and

    b. Damages as provided under 15 U.S.C. § 1117(a), including, without limitation, Orvis' profits, the actual damages sustained by Fraser, including impairment of Fraser's goodwill, the costs of this action and reasonable attorneys' fees.

## COUNT IV
### (Common-Law Misappropriation)

40. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

41. Orvis' misappropriated and used Fraser's likeness, image and persona as a false endorsement of Orvis products.

42. Orvis' false and unauthorized use of photographs in endorsing Orvis products constitutes common-law misappropriation and has proximately damaged Fraser, entitling him to compensatory and punitive damages.

7

## COUNT V
## (Violation of the Tennessee Consumer Protection Act)

43. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

44. By its actions as described above, Orvis has violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq., by intentionally, knowingly and/or negligently engaging in fraudulent and deceptive acts including, among others:

- Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

- Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

- Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered; and

- Otherwise generally deceiving consumers.

45. Accordingly, Fraser is entitled to injunctive relief, compensatory damages, treble damages, costs and attorneys' fees.

## COUNT VI
## (Unjust Enrichment)

46. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-

22 above.

47. As a result of the wrongful acts of Orvis, Orvis has been unjustly enriched and benefitted. Such unjust enrichment and benefits include, but are not limited to the value of the use of Fraser's likeness, as well as Fraser's distinctive image, for commercial purposes.

48. Orvis is under an obligation to pay Fraser the entire amount by which it has been unjustly enriched.

## COUNT VII
### (Accounting)

49. Fraser restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

50. Orvis is obligated to accurately and fully account to Fraser for all gross revenues derived from Orvis' exploitation of Fraser's publicity rights in respect to Fraser's valuable likeness and distinctive image.

51. As the rightful owner of all rights in and to his respective to his publicity rights and distinctive image, Fraser is entitled to an accounting of any and all monies derived from Orvis' use of the publicity rights and distinctive image.

50. The amount of profits derived by Orvis is unknown to Fraser and cannot be fully ascertained without an accounting.

9

Case 3:09-cv-00320   Document 1   Filed 04/03/09   Page 9 of 11 PageID #: 9

WHEREFORE, Fraser demands the following relief

1. All available remedies set forth in the Tennessee Personal Rights Protection Act, Tenn. Code Ann. 47-25-1101, et seq., including seizure and forfeiture of all contraband copies and uses of Fraser's likeness, persona and image and all instrumentalities used in connection with the violation, Fraser's actual damages suffered as a result of Orvis' knowing use or infringement of Fraser's rights and any additional profits that are attributable to such use or infringement;

2. All available remedies set forth in the Lanham Act, including an injunction to prevent further use of the Fraser's likeness, image or persona pursuant to 15 U.S.C. § 1116; and Orvis' profits, the actual damages sustained by Fraser, including impairment of Fraser's goodwill, the costs of this action and reasonable attorneys' fees under 15 U.S.C. § 1117(a);

3. All remedies set forth in the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq;

4. Actual and compensatory damages in an amount greater than $75,000;

5. Punitive and/or treble damages;

6. Attorneys' fees and costs;

7. Pre-judgment interest; and

8. Such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*[signature]*

John R. Jacobson (TN #014365)
William L. Campbell (TN #22712)
Howell O'Rear (TN #26509)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
Facsimile: (615) 320-3737
jjacobson@rwjplc.com
ccampbell@rwjplc.com
horear@rwjplc.com

Attorneys for Plaintiff,
Mark Fraser